IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| AMANDA GRAVES, o/b/o K.K.O.F., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-1094-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Amanda Graves ("Graves") seeks judicial review of the Commissioner of Social Security's ("the Commissioner") denial of an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*., filed on behalf of her son, K.K.O.F. The Administrative Law Judge ("ALJ") found that while K.K.O.F's attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD") were severe impairments, K.K.O.F was not disabled as defined in the regulations.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

## Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Graves filed K.K.O.F's application for SSI benefits on October 20, 2009, alleging K.K.O.F became disabled on January 1, 2008 due to ADHD and ODD. The Commissioner denied his application at the initial claim level, and Graves appealed the denial to an ALJ. The

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant.

ALJ held K.K.O.F was not disabled as defined in the Act. On June 26, 2012, the Appeals Council denied Graves' request for review, leaving the ALJ's decision as the Commissioner's final decision. Thus, Graves has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

To be considered disabled within the meaning of the Act, a child—a person under age eighteen—must show a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than twelve months. In making this determination, the Commissioner follows a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). At

step one, the Commissioner determines whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the inquiry continues. At step two, the Commissioner determines whether the child's impairment, or combination of impairments, is "severe," which is defined as a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the applicant is considered not disabled; if so, the inquiry continues. At step three, the Commissioner determines whether the child has an impairment(s) that meets, or is medically or functionally equal in severity to, one of the Commissioner's listed impairments. 20 C.F.R. § 416.924(d). If so, and the impairment(s) meets the durational requirement of having lasted, or being expected to last, for a continuous twelve month period, disability is established. If not, the child is not disabled. *Id.*

If the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ will assess all functional limitations caused by the child's impairments across six "domains" of functioning to determine whether the functional limitations are disabling.[2] 20 C.F.R. § 416.926a. The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme"

---

[2] "Domains" are "broad areas of functioning intended to capture all of what a child can or cannot do." SSR 09-4p.

limitation in one domain of functioning or "marked" limitations in at least two domains.[3]  20 C.F.R. § 416.926a(e).

In the present case, the ALJ determined that K.K.O.F had no limitations in the domains of "moving about and manipulating objects" and "health and physical well-being;" less than marked limitations in the domains of "acquiring and using information," "interacting and relating with others," and "caring for himself;" and was markedly limited in "attending and completing tasks." R. at 20-25. The ALJ concluded K.K.O.F was not disabled because he did not exhibit marked limitations in two areas of functioning or an extreme limitation in one area of functioning. R. at 25. Plaintiff contends the ALJ erred by: (1) failing to find K.K.O.F markedly limited in his ability to acquire and use information; (2) failing to find K.K.O.F markedly limited in his ability to interact and relate with others; and (3) failing to properly weigh the opinion of K.K.O.F's treating physician.

**A.  Substantial evidence supports the ALJ's conclusion that K.K.O.F has a less than marked limitation in the domain of acquiring and using information.**

Plaintiff argues the ALJ's decision finding that K.K.O.F has a "less than marked" limitation in the domain of acquiring and using information is contrary to the "overwhelming" evidence on the record as a whole. Substantial evidence supports the ALJ's decision.

The domain of acquiring and using information considers "a child's ability to learn information and to think about and use the information." SSR 09-3p. Examples of typical functioning in this domain for school-age children are "learning to read, write, and do arithmetic," becoming "interested in new subjects and activities," and applying learning to daily activities. *Id.* Limitations in this domain can include "not reading, writing, or doing arithmetic

---

[3] "Extreme" denotes an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. "Marked" denotes an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. 20 C.F.R. § 416.926a(e).

4

at appropriate grade level" or struggling with "following simple instructions." *Id.* "The kind, level, and frequency of special education, related services, or other accommodations a child receives can provide helpful information about the severity of the child's impairment(s)." *Id.*

In finding that K.K.O.F. was less than markedly limited in this domain, the ALJ acknowledged K.K.O.F had difficulty learning due to his concentration problems, but noted he had never been diagnosed with a learning disability or been given an individualized education program ("EAP"). R. at 20-21, 43, 52. Other evidence on the record supports the ALJ's decision. Two treating psychiatrists, Dr. E. Michael Young, M.D., and Dr. Christopher Vanhorn, D.O., found K.K.O.F. had average intelligence. R. at 264, 291. K.K.O.F. himself stated that he could concentrate long enough to play video games for an hour. R. at 19, 58. Both of these facts suggest that K.K.O.F's ability to learn is not markedly limited. Additionally, after reviewing medical records which showed K.K.O.F.'s concentration improved with medication, the consulting psychologist, Nina Epperson, M.S., found that K.K.O.F.'s difficulty concentrating was "likely to improve with consistent medication compliance as well as outpatient family counseling and individual therapy." R. at 21, 314. Because K.K.O.F did not receive special educational services and his condition is expected to improve with treatment, the ALJ did not err in finding he was not markedly limited in this domain. *Collins v. Barnhart*, 335 F.3d 726, 729-30 (8th Cir. 2003).

**B.  Substantial evidence supports the ALJ's conclusion that K.K.O.F has a less than marked limitation in the domain of interacting and relating to others.**

The domain of interacting and relating with others considers "a child's ability to initiate and respond to exchanges with other people, and to form and sustain relationships with family members, friends, and others." SSR 09-5p. Examples of typical functioning in this domain for school-age children are developing lasting friendships, tolerating differences, attaching to adults

other than parents, and sharing ideas. *Id.* Limitations in this domain can include avoiding or withdrawing from people the child knows, being fearful of meeting new people, or "difficulty communicating with others." *Id.*

Substantial evidence supports the ALJ's determination that K.K.O.F. was less than markedly limited in this domain. The ALJ noted that despite having a history of impulsivity and bad behavior, K.K.O.F. attended regular classes and had already made a friend at his new school after attending for nine days. R. at 23, 55. Additionally, K.K.O.F.'s previous kindergarten teacher who had observed him for a year, Autumn Gil, found that K.K.O.F. had no difficulty in this domain. R. at 193. Furthermore, Ms. Epperson indicated he was capable of functioning in an age-appropriate manner if given consistent treatment. R. at 23, 315, 322.

Although there is evidence on the record that would support a finding of a marked limitation here—most of the other medical professionals, teachers, and counselors describe K.K.O.F. as "markedly limited" in this domain—the ALJ's finding still falls within the available zone of choice. *See Collins*, 335 F.3d at 730 (upholding a finding that a fourth grader's social functioning was not markedly limited because his behavior was merely disruptive, and not incapacitating, noting among other things that the child had "never had any trouble with the police."). Consequently, there is no error here.

**C.     The ALJ did not err in discounting the opinion of K.K.O.F's treating psychiatrist.**

Finally, Plaintiff argues the ALJ erred by not giving controlling weight, or at least substantial weight, to the opinion of K.K.O.F.'s treating psychiatrist, Dr. Fe Maria Pimentel-Yager, M.D. Dr. Pimentel-Yager opined that K.K.O.F. had marked limitations in acquiring and using information.

Generally, a "treating source" opinion is entitled to deference if it is well supported by clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence of record. 20 C.F.R. § 416.927(c). "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (internal quotation omitted). A treating physician's opinion is not entitled to controlling weight if it conflicts with the doctor's own treatment notes. *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009).

Here, the ALJ found that Dr. Pimental-Yager's opinion was incompatible with both her sporadic treatment of K.K.O.F and other evidence in the record. R. at 20. This finding is supported by substantial evidence. Although Dr. Pimental-Yager opined that K.K.O.F. had marked limitations in five domains, in April 2009 she assigned K.K.O.F. a GAF score of 54, indicating he had moderate symptoms. R. at 338-39, 347. Furthermore, in May 2009, she noted that K.K.O.F.'s medications were working, and in July 2010, K.K.O.F.'s mother reported that K.K.O.F. was less hyperactive on his medication. R. at 362, 366. Additonally, Dr. Pimental-Yager's treatment notes indicate that there was a year-long gap in K.K.O.F.'s treatment. R. at 362-63. Thus, Dr. Pimental-Yager's notes are somewhat contradictory and support the ALJ's finding of less than marked limitations in this domain. These notes validate Ms. Epperson's opinion that K.K.O.F would not be markedly limited if given consistent treatment. Impairments that are controllable or amenable to treatment do not rise to the level of a marked limitation. *Collins*, 335 F.3d at 729-30 (holding that a child's ADHD was not disabling because Ritalin

7

reduced the symptoms to a less than marked level). They also validate the ALJ's decision to give Ms. Epperson's opinion more weight.

"It [is] the ALJ's task to resolve conflicts in the evidence." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). The ALJ has done so, and given this record, the Court cannot say the ALJ erred in discounting Dr. Pimental-Yager's opinion.

## Conclusion

The Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     September 13, 2013              /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT